IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 26-mj-2123 |
| v. | ) | Magistrate Judge O'Hara |
| [1] MAIKEL JESUS ALBORNOZ-JIMENEZ | ) | **Filed Under Seal** |
| [2] EDUARD JESUS VELASQUEZ-MATUTE | ) | |
| [3] FAREN ALDAHIR MARQUEZ-CRUZ | ) | |
| [4] JOSE LUIS BAZA-RODRIGUEZ | ) | |

## MOTION FOR DETENTION

The United States of America, by and through Braden H. Boucek, the United States Attorney for the Middle District of Tennessee, and Kathryn Risinger, Assistant United States Attorney, respectfully files this memorandum in support of pre-trial detention for all defendants in this case and advises the Court that at their Initial Appearances in the above-referenced case, the United States will move for pre-trial detention of the defendants pursuant to Title 18, United States Code, Section 3142(f)(1)(E) because they constitute a danger to the community, a flight risk, and/or will obstruct or attempt to obstruct justice and/or will engage in or attempt to engage in witness intimidation. The Government moves for a continuance of three business days to hold a detention hearing. In support thereof, the Government would show the following:

## CHARGES

### A. Maikel Jesus ALBORNOZ-Jimenez:

Maikel Jesus ALBORNOZ-Jimenez ("ALBORNOZ") is currently charged, via Criminal Complaint, with violating Title 21, United States Code, Sections 841 and 846 - Drug Trafficking

Conspiracy Involving More than 500 Grams of Cocaine and Other Controlled Substances; Title 18, United States Code, Section 924(c) - Using and Carrying a Firearm During and In Relation to a Drug Trafficking Crime; and Title 18, United States Code, Section 933 - Firearms Trafficking Conspiracy.

**B. Eduard Jesus VELASQUEZ-Matute ("VELASQUEZ"):**

Eduard Jesus VELASQUEZ-Matute ("VELASQUEZ") is currently charged, via Criminal Complaint, with violating Title 18, United States Code, Section 933 - Firearms Trafficking Conspiracy.

**C. Faren Aldahir MARQUEZ-Cruz:**

Faren Aldahir MARQUEZ-Cruz ("MARQUEZ") is currently charged, via Criminal Complaint, with violating Title 18, United States Code, Section 933 - Firearms Trafficking Conspiracy.

**D. Jose Luis BAZA-Rodriguez:**

Jose Luis BAZA-Rodriguez ("BAZA") is currently charged, via Criminal Complaint, with violating Title 21, United States Code, Sections 841 and 846 - Drug Trafficking Conspiracy Involving More than 500 Grams of Cocaine and Other Controlled Substances.

## REQUEST FOR DETENTION

**A. Legal Basis for Detention:**

Pursuant to Title 18, United States Code, Section 3142(f)(1)(C), (E) and 3142(f)(2)(A), (B), the Court shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community upon a motion by the Government in a case that involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act"; and "any

felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm. . .." Moreover, pursuant to Title 18, United States Code, Section 3142(f)(2)(A), (B), the Court shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community upon a motion by the Government in a case that involves "a serious risk that such person will flee"; or "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

With respect to ALBORNOZ and BAZA, the Government also submits that – by operation of 18 U.S.C. § 3142(e)(3)(A) – a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." The presumption set forth in 18 U.S.C. § 3142(e)(3) places the burden of production on the defendant. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To overcome that burden, a defendant must present at least some evidence that he/she does not pose a danger to the community or a risk of flight. *Id.* Even when a defendant satisfies that burden, however, the presumption favoring detention does not disappear entirely. *Id.* Rather, the presumption, which "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial," remains a factor to be considered among those weighed by the district court. *Id.* The government retains the burden of persuasion on the ultimate issue of pretrial detention. *Id.*

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense

charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *Stone*, 608 F.3d at 945. And, when "risk of flight" serves as the basis for detention, the Government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

**B. Factual Basis for Detention:**

In support of detention, the Government incorporates the facts in the underlying Criminal Complaint as if fully set forth herein.

**C. Request for Detention:**

The Government submits that following any hearing in this case, the factors to be considered by this Court – (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release – weigh in favor of the Government and the Government will have presented, by clear and convincing evidence, that the defendants pose a danger to the community that cannot be mitigated by the Court's imposition of conditions or combination of conditions of release, and by a preponderance of the evidence, that the defendants pose a flight

risk. Furthermore, there is a serious risk the defendants will obstruct or attempt to obstruct justice and/or will engage in or attempt to engage in witness intimidation.

## CONCLUSION

The Government respectfully requests that the Court hold a detention hearing in the above-referenced cases, and following any such hearing, detain the defendants pending trial.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

By: /s/ Kathryn Risinger
KATHRYN RISINGER
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151